IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                          Case No. 3:09mj133

COREY RONDELL LEWIS,

   Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the United States's Motion to Dismiss Criminal Complaint Without Prejudice. (Docket No. 8.) Defendant Lewis has responded, moving to dismiss the complaint with prejudice. (Lewis' Mot. Dismiss With Prejudice ("Lewis's Mot.").) (Docket No. 9.) The matter is ripe for adjudication. For the reasons that follow, the Court will GRANT the United States's motion. (Docket No. 8.) The Court will DENY Lewis's motion. (Docket No. 9.) The Criminal Complaint will be DISMISSED WITHOUT PREJUDICE. (Docket No. 1.)

### I. Background

A Criminal Complaint was filed against Defendant Lewis on March 20, 2009. (Mot. 1.) On February 4, 2010, Lewis was arrested in connection with this charge. (Mot. 1.) On February 18, 2010, Lewis appeared before the undersigned for a preliminary hearing in this matter. (Mot. 1.) Because Lewis was arrested on February 4, 2010, the Speedy Trial Act required the United States to present to the grand jury an indictment charging Lewis no later than March 8, 2010. (Mot. 2.)

The United States failed to present an indictment to the grand jury by March 8, 2010 because it miscalculated the date by which it was required to do so. (Mot. 2.) On March 9, 2010,

the United States discovered this miscalculation, and on March 10, 2010, the United States informed defense counsel. Thereafter, the parties entered plea negotiations. (Mot. 2; Lewis's Mot. ¶ 3.) On March 11, 2010, the United States moved to dismiss the Criminal Complaint without prejudice.

On March 19, 2010, Lewis moved to dismiss the Criminal Complaint with prejudice. Lewis contends that dismissal with prejudice provides the appropriate remedy because "[t]he Government's stated reason for failing to timely indict[] Lewis does not fall under any of the delay exceptions stated in 18 U.S.C. § 3161." (Lewis's Mot. ¶ 4.) Lewis argues that he "should not suffer this delay of prosecution due to the government's oversight." (Lewis's Mot. ¶ 5.) Neither party responded to the other's motion, nor did they, when in contact with the Court, seek oral hearing on the matter.

## II. Analysis

The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."[1] 18 U.S.C. § 3161(b). However, if the United States fails to file an indictment or information within the time required, in violation of the Speedy Trial Act, "the statute admits no ambiguity." *United States v. Taylor*, 487 U.S. 326, 332 (1988). "[S]uch charge . . . shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).

---

[1] In eight enumerated circumstances, however, the Act permits the exclusion of certain periods of time from the thirty days in which an information or indictment must be filed. 18 U.S.C. § 3161(h)(1)-(8). Lewis correctly posits that incorrect computation of the time to indict does not fall within one of the enumerated circumstances permitting the exclusion of time. (Lewis's Mot. ¶ 4.)

2

Once a charge must be dismissed, the decision whether to dismiss with or without prejudice lies within "the guided discretion of the district court." *Taylor*, 487 U.S. at 335; 18 U.S.C. § 3162(a)(1). The statute does not prefer one remedy over the other. *Taylor*, 487 U.S. at 335. Indeed, "the Act does not require dismissal with prejudice for every violation." *Id.* at 342. "[D]ismissal with prejudice always sends a stronger message than dismissal without prejudice . . . . [But] [d]ismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *Id.*

To determine the appropriate action, the Court must evaluate the facts and circumstances that led to the violation of the Speedy Trial Act. *United States v. Wright*, 6 F.3d 811, 814 (D.C. Cir. 1993) ("[T]he decision of whether to dismiss *with or without prejudice* already assumes the Government's failure; the inquiry becomes *why* the Government failed."). The Act itself guides the Court's analysis. The Speedy Trial Act requires the Court to consider three factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and, (3) the impact of a reprosecution on the administration of justice. 18 U.S.C. § 3162(a)(1). In addition, "[a]lthough not dispositive, 'the presence or absence of prejudice to the defendant' is also 'relevant for a district court's consideration,' and may be considered in conjunction with the third factor." *United States v. Thomas*, 305 F. App'x 960, 963 (4th Cir. 2009), *available at* 2009 WL 20875, at *2 (*quoting Taylor*, 487 U.S. at 334). The Court must "carefully express its decision whether or not to bar reprosecution in terms of the guidelines specified by Congress." *Taylor*, 487 U.S. at 343.

As to the first factor, the Court finds that Lewis is charged with a serious offense. The

3

Criminal Complaint charges Lewis with possession with intent to distribute five grams or more of crack cocaine. This offense is punishable by a minimum term of imprisonment of five years, and a maximum term of imprisonment of forty years. 21 U.S.C. 841(a)(1). This factor weighs against Lewis.[2]

With respect to the second factor, the United States has proffered that the sole reason it failed to indict Lewis within thirty days of his arrest was counsel's incorrect computation of the Speedy Trial Act deadline. (Mot. 5 (confirming that this constitutes "the sole reason that the indictment was not brought within thirty days").) In *Taylor*, the Supreme Court of the United States explained that "a truly neglectful attitude on the part of the Government reasonably could be factored against it in a court's consideration of the issue." *Taylor*, 487 U.S. at 338. The Court noted that evidence of bad faith or a pattern of neglect, "something more than an isolated unwitting violation," may counsel against the United States as to this factor. *Id.* at 339.

Prior to discovering her error, counsel for the United States "had intended, prepared and taken all necessary steps to ensure that the defendant would be indicted on March 16, 2010," the date counsel had incorrectly figured as the Speedy Trial Act deadline. (Mot. 5.) Accordingly, the Court finds no evidence of bad faith, nor a pattern of neglect. *Compare United States v. Harden*, 155 F.3d 562 (4th Cir. 1998), *available at* 1998 WL 390479, at *3 (finding that the United States Attorney's Office "was neglectful" by filing a motion for a continuance on improper grounds). Thus, this factor weighs against dismissal with prejudice.

Finally, the third factor requires the Court to consider the impact of reprosecution. The United States contends that, "[g]iven the clear absence of bad faith or willful conduct in this case,

---

[2] Lewis does not contest the seriousness of the charge.

as well as the serious nature of the charged crime, the administration of justice strongly weighs in favor of allowing reprosecution." (Mot. 5.) The Court agrees. No evidence of bad faith exists, and Lewis stands charged with a serious crime. Moreover, Lewis has not demonstrated how he would be prejudiced by a dismissal of the Criminal Complaint without prejudice. *See Wright*, 6 F.3d at 816; *United States v. Long*, 858 F. Supp. 601, 604 (N.D. W. Va. 1994) ("With regard to the third factor, there is no evidence that a delay in the indictment gave the government a tactical advantage, that the delay was purposeful, or that the defendant was unfairly prejudiced by the delay."). Accordingly, the Court finds that this third factor weighs against Lewis, and it "is not in the best interest of justice or the public to allow this defendant to avoid prosecution in these circumstances." *Long*, 858 F. Supp. at 604.

### III. Conclusion

Having considered each of the statutory factors, and finding each to counsel against dismissal with prejudice, the Court will GRANT the United States's motion. (Docket No. 8.) The Court will DENY Lewis's motion. (Docket No. 9.) The Criminal Complaint will be DISMISSED WITHOUT PREJUDICE. (Docket No. 1.)

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 4-27-10

5